**NOT FOR PUBLICATION**

```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

DONZO MOHAMMED,                :
                               :   Civil Action No. 12-7282 (FSH)
         Petitioner,           :
                               :
    v.                         :   **OPINION**
                               :
ERIC H. HOLDER, et al.,        :
                               :
         Respondents.          :

**APPEARANCES:**

Petitioner pro se
Donzo Mohammed
Essex County Correctional Facility
Newark, NJ  07105

**HOCHBERG**, District Judge

Petitioner Donzo Mohammed, an alien detainee currently confined at Essex County Correctional Facility in Newark, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis. The named Respondents are U.S.

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Attorney General Eric Holder, warden Roy L. Hendricks, and John Tsoukaris, the Newark Director of the Bureau of Immigration and Customs Enforcement.

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner has not alleged facts suggesting any grounds for relief, the Petition will be dismissed without prejudice. See 28 U.S.C. § 2243.

I. BACKGROUND

Petitioner asserts that he is a native of Liberia who was admitted to the United States as an asylum seeker. Petitioner further asserts that he has been in custody in connection with immigration proceedings, without any bond hearing, for approximately 20 months. Petitioner asserts that he has been ordered removed, but does not state the date the order of removal became final or otherwise allege facts from which that date could be determined.[2]

Petitioner asserts that his detention has been unconstitutionally prolonged and he seeks an order for his immediate release or for a bond hearing.

---

[2] A search of the federal courts' PACER electronic records management system does not reflect any pending petition for review of an order of removal.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III. <u>ANALYSIS</u>

As noted above, Petitioner asserts that he has been detained in connection with removal proceedings for a total of twenty months and that he has been ordered removed. He asserts that his detention has been unconstitutionally prolonged, and he seeks an order for his immediate release or for a bond hearing.

Petitioner references statutes and caselaw governing both detention <u>prior to</u> the entry of a final removal order,[3] and detention <u>following</u> the entry of a final removal order, 8 U.S.C. § 1231.[4] In view of Petitioner's assertion that he is now subject to a final order of removal, however, any challenge to his pre-removal-order detention has become moot. <u>See</u> <u>Rodney v. Mukasey</u>, 340 Fed.Appx. 761 (3d Cir. 2009).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period" and to detain aliens during that period.

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.

---

[3] <u>See, e.g.</u>, <u>Diop v. ICE/Homeland Sec.</u>, 656 F.3d 221 (3d. Cir. 2011); 8 U.S.C. § 1226.

[4] <u>See, e.g.</u>, <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001); 8 U.S.C. § 1231.

>(ii) If the removal order is judicially reviewed and if
>a court orders a stay of the removal of the alien, the
>date of the court's final order.
>(iii) If the alien is detained or confined (except
>under an immigration process), the date the alien is
>released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).[5]

Section 1231(a)(6) permits continued detention of certain aliens if removal is not effected within 90 days.  However, the Supreme Court has held that such post-removal-order detention is subject to a temporal reasonableness standard.  Specifically, once a presumptively-reasonable six-month period of post-removal-order detention has passed, a detained alien must be released if he can establish that his removal is not reasonably foreseeable. See Zadvydas v. Davis, 533 U.S. 678 (2001); Clark v. Martinez, 543 U.S. 371 (2005).

As an initial matter, to state a claim for relief under Zadvydas, the six-month presumptively-reasonable removal period must have expired at the time the Petition is filed; a prematurely filed petition must be dismissed without prejudice to the filing of a new Petition once the removal period has expired. See, e.g., Akinwale v. Ashcroft, 287 F.3d 1050, 1051 (11th cir. 2002);  Hall v. Sabol, Civil No. 12-0967, 2012 WL 3615464 (M.D.

---

[5] "An order of removal made by the immigration judge at the conclusion of proceedings ... shall become final ... [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a).

Pa. Aug. 21, 2012); Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1363 (N.D. Ga. 2002); Monpremier v. Chertoff, 2007 WL 909575 (N.D. Fla. March 21, 2007).

In addition, there is no absolute right to removal at the end of the six-month presumptively-reasonable removal period. Instead, the alien bears the initial burden of establishing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which the government must come forward with evidence to rebut that showing. Zadvydas, 533 U.S. at 699-701. But see 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal.")

Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's burden. Compare Fahim v. Ashcroft, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with Seretse-Khama v. Ashcroft, 215 F.Supp.2d 37, 48-54 (D.D.C. 2002) (continued detention for over three years, coupled with eight-month delay since INS last contacted destination country, suffices to meet alien's burden); Lema v. U.S. I.N.S.,

6

214 F.Supp.+2d 1116, 1118 (W.D. Wash 2002), <u>aff'd on other grounds</u>, 341 F.3d 853 (9th Cir. 2003) (where destination country's lack of response to request for travel documents is combined with INS inability to explain silence and absence of any indication that situation may change, continued detention would be unreasonable but, where destination country's failure to respond suggests nothing more than "bureaucratic inertia," removal remains "foreseeable").

    Here, Petitioner has failed to allege facts establishing the date a final order of removal was entered against him; thus, he has failed to allege facts demonstrating that the six-month presumptively-reasonable removal period has passed.  Petitioner also has failed to allege any facts demonstrating that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  In the absence of any facts from which this Court can determine when the six-month removal period ended, this Court cannot determine whether the passage of time, alone, might demonstrate that removal is unlikely.  Nor has Petitioner suggested that there are any individual barriers to his removal, <u>see</u>, <u>Zadvydas</u>, 533 U.S. at 684-85 (alien petitioner Zadvydas was a "stateless" individual), or that there are any institutional barriers to his removal, <u>see</u> <u>Zadvydas</u>, 533 U.S. at 686 (alien petitioner Kim Ho Ma was from Cambodia, a country with which the United States had no

repatriation agreement).  In short, Petitioner has failed to allege <u>any</u> facts demonstrating that his current detention is unconstitutional.

Accordingly, the Petition will be dismissed without prejudice to Petitioner filing a new petition if circumstances change or if he can allege facts suggesting an entitlement to relief.  <u>See</u> <u>Akinwale</u>, 287 F.3d at 1052 ("in order to state a claim under <u>Zadvydas</u>, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future").

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

s/ Faith S. Hochberg  
Faith S. Hochberg  
United States District Judge

Dated: December 6, 2012